UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EUGENE A. DEBARTOLO,

        Plaintiff,

        v.                                                       Case No. 12-C-0081

NORSTATES BANK,
JOHN DOES,

        Defendants.

---

DECISION AND ORDER GRANTING MOTION TO DISMISS (DOC. 8)
AND DISMISSING CASE

Eugene A. DeBartolo alleges various violations of the Truth in Lending Act ("TILA"), the Uniform Commercial Code ("UCC"), and the Real Estate Settlement Procedures Act ("RESPA"), as well as deceptive trade practices and breach of fiduciary duty. NorStates Bank moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, based on the doctrine of claim preclusion (also known as res judicata).

Because DeBartolo, who proceeds pro se, failed to respond to the motion to dismiss, the court decides the motion without the benefit of argument in his favor. *See Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (failure to respond to a motion to dismiss does not necessarily imply that plaintiff has abandoned the lawsuit; plaintiff may have been careless or thought the motion so lacking in merit that no response was required). "Unlike the summary judgment context, the nonmovant's lack of response to a motion to dismiss constitutes no admission of the proponent's factual assertions." *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). When deciding a motion to dismiss, the court construes the complaint in the light most favorable to the plaintiff, accepting as true all well-pled facts and drawing all inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

This court has discretion to rule on the affirmative defense of claim preclusion raised in a Rule 12(b)(6) motion to dismiss. *Close v. Cmty. Library*, No. 11-C-159, 2011 WL 5855016, at *1 (E.D. Wis. Nov. 21, 2011); *see Northgate Motors, Inc. v. Gen. Motors Corp.*, 111 F. Supp. 2d 1071, 1077 (E.D. Wis. 2000). Further, the court may take judicial notice of matters in the public record, including documents filed in previous cases, without converting a motion to dismiss into a motion for summary judgment. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); *Southland Mgmt. Corp. v. RSUI Indem. Co.*, No. 11-C-626, 2012 WL 274019, at *1 (E.D. Wis. Jan. 31, 2012); *Close*, 2011 WL 5855016, at *3. Thus, if the court finds that claim preclusion applies, the complaint should be dismissed as a matter of law.

For the reasons outlined below, NorStates's motion will be granted.

## FACTS FROM COMPLAINT AND PRIOR CASE

On April 2, 2004, DeBartolo executed a mortgage and promissory note to NorStates in the amount of $500,000, secured by property located at 4249 4th Street, Kenosha,

2

Wisconsin 53144.[1] (Doc. 10 Ex. A.) NorStates initiated a foreclosure proceeding regarding that property in Kenosha County Circuit Court on January 15, 2010. (Doc. 10 Ex. A.) DeBartolo then attempted to discharge the debt to NorStates by filing a Chapter 7 bankruptcy case. (Doc. 10 Ex. C.) The bankruptcy stay was lifted on August 23, 2010. (Doc. 10 Ex. D.) The Kenosha County Circuit Court granted judgment of foreclosure in favor of NorStates on March 25, 2011 (Doc. 10 Ex. E).

The sheriff's sale of the property was scheduled for September 28, 2011. (Doc 10 Ex. F.) The day before the sheriff's sale, DeBartolo filed for a Chapter 13 bankruptcy petition (Doc. 10 Ex. G), resulting in cancellation of the sale. On November 15, 2011, the Chapter 13 bankruptcy proceeding was dismissed for DeBartolo's failure to file or complete required schedules, a statement of financial affairs and a statement of his monthly income. Thus, the Chapter 13 case was closed on December 6, 2011. (Doc. 10 Exs. H, I.) A sheriff's sale was finally held on December 14, 2011, and the property was purchased by NorStates. (Doc. 10 Ex. J at 1.) On February 7, 2012, the Kenosha County Circuit Court confirmed the sheriff's sale and title to the property passed to NorStates. (Doc. 10 Exs. J, K.) Thus, DeBartolo no longer holds title to the property, although NorStates states in its brief that DeBartolo continues to reside there.

On January 26, 2012, DeBartolo filed the Complaint in this case. DeBartolo makes numerous allegations related to the home loan transaction, including the mortgage and note. He alleges that the "purported mortgage and note" were never consummated by

---

[1] Documents submitted with a motion to dismiss may be considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). In this case, DeBartolo's complaint references a purported mortgage and note between NorStates and him. Therefore, the Court may consider these documents, attached to the Declaration of Andrew S. Oettinger and submitted with the motion to dismiss, without converting the motion to dismiss into a motion for summary judgment.

3

signing (Doc. 1 at 5, ¶ 16), NorStates failed to provide DeBartolo with copies of important documents (Doc. 1 at 5, ¶ 19), NorStates failed to make unspecified disclosures "that would indicate to DeBartolo that the contract entered into was void and illegal" (Doc. 1 at 5, ¶ 20), and NorStates failed to serve upon DeBartolo a notice of default, notice of right to cure, or notice of acceleration (Doc. 1 at 5–6, ¶ 22). Also, DeBartolo contends that NorStates did not provide evidence that it was the holder of the original promissory note or evidence of the balance due on the loan. (Doc. 1 at 6, ¶¶ 23–26.)

DeBartolo maintains that NorStates violated TILA and RESPA in the closing and administration of his home loan. (Doc. 1 at 10–14, ¶¶ 1–16.[2]) He asserts that NorStates failed to provide copies of the right to rescind (Doc. 1 at 10, ¶ 2), failed to provide the cost of credit, and mailed a misleading monthly statement (Doc. 1 at 12, ¶¶ 11–12). Also, DeBartolo contends that these facts support actionable claims for breach of contract, violation of the UCC, unfair deceptive trade practices, and breach of fiduciary duty. (Doc. 1 at 10–13, ¶¶ 1–16.)

ANALYSIS

Although DeBartolo's claims do not expressly seek the overturning of the state court's judgment in the foreclosure case, a few statements in the Complaint can be seen as making such a request. For instance, DeBartolo asserts that the mortgage was never signed, that NorStates did not hold the note at the time it initiated a foreclosure action, and that he "seeks relief from the complaint for foreclosure." (Doc. 1 at 5, ¶¶ 17, 18; *id.* at 6, ¶ 23.) In his prayers for relief he asks this court to "[e]njoin any action to interfere with

---

[2] Plaintiff's Complaint is organized into numbered paragraphs that run from 1–55, then restart and run from 1–16. When citing the Complaint, the court will refer both to the paragraph number and the page number for clarity.

4

Plaintiff['s] exclusive use and possession of their [sic] residence pending resolution of the instant case." (*Id.* at 14, ¶ 9.)

However, any such relief is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Pursuant to the doctrine, lower federal courts lack subject matter jurisdiction to review state court decisions; only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment. *Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005). District courts have no jurisdiction over "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 596 (7th Cir. 1992). The doctrine precludes lower courts from exercising jurisdiction "only when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Holt*, 408 F.3d at 336. DeBartolo's requests that this court provide relief from the foreclosure judgment or enjoin execution of that judgment are in essence seeking this court to review and reject that judgment, which it cannot do.

However, the bulk of DeBartolo's Complaint does not attack the state-court judgment or complain of an injury caused by that judgment. Instead, he seeks damages and other relief for what he alleges were violations of federal and state law. *See Dye v. Ameriquest Mortg. Co.*, 289 Fed. App'x 941, 944 (7th Cir. 2008) ("We think that the district court applied the *Rooker-Feldman* doctrine too broadly. The Dyes do not simply claim that

5

they were injured by the foreclosure judgment. They claim that the defendants injured them six months earlier—at the time of the closing of their mortgage—by, as the Dyes allege, confusing them with disclosures that did not comply with TILA and using an [sic] low appraisal. Because the Dyes' alleged injury was complete before the state court litigation even commenced, *Rooker-Feldman* is not at play.")

Nevertheless, DeBartolo's claims cannot continue. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, this court applies Wisconsin law regarding claim preclusion to the judgment of a Wisconsin court. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 560 (7th Cir. 1999) (stating that federal courts must "give a state court judgment the same preclusive effect it would have in state court"). Under Wisconsin law, relitigation of a claim brought in an earlier suit is barred if there exists: (1) identity between the parties or their privies in the two suits; (2) a final judgment on the merits in the earlier suit; and (3) identity of the claims between the two suits. *Kruckenberg v. Harvey*, 2005 WI 43, ¶ 21, 279 Wis. 2d 520, ¶ 21, 694 N.W.2d 879, ¶ 21. Claim preclusion bars not only the issues actually decided in the prior case, but also all issues that could have been raised in that action. *Hwy. J Citizens Group v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006).

The first and second prongs of the claim preclusion test are met without question. The initial lawsuit, i.e., the foreclosure case, was litigated on the merits to final judgment by NorStates as plaintiff against Eugene DeBartolo and Elvira DeBartolo as defendants. (Doc. 10 Ex. E.)

The identity-of-claims prong is met if both claims arise from the same transaction or series of connected transactions. *Kruckenberg*, 2005 WI 43, ¶ 25. To determine

6

whether claims arise from the same transaction, the court considers whether the cases' underlying facts are sufficiently related in terms of "time, space, origin, or motivation" and whether their treatment as a unit conforms to the parties' or commonly understood expectations. *Id.* This transactional approach "focuses on the similarity of the facts in the two lawsuits rather than their legal theories." *Dye*, 289 Fed App'x at 944 (citing *Levin v. Bd. of Regents of Univ. of Wis. Sys.*, 2003 WI App 181, 266 Wis. 2d 481, 668 N.W.2d 779); *see Kruckenberg*, 2005 WI 43, ¶ 26.

Claims—even if brought in two different cases—arising out of the same mortgage transaction and payment history are identical. In *Dye*, for instance, a homeowner brought a TILA claim in federal court after the lender had obtained a judgment of foreclosure in Wisconsin state court. 289 Fed. App'x at 942. The Seventh Circuit held that the homeowner's claim was barred by claim preclusion because it arose from the same commercial event—the home loan—underlying the foreclosure action. *Id.* at 944. The court noted that TILA claims may be brought in either state or federal court and nothing prevented the homeowners from bringing the TILA claim or attempting to rescind the loan on that basis during the foreclosure action. *Id.*

This case has nearly the same facts as *Dye*, an unpublished decision issued after January 1, 2007, which is not binding precedent. *See* Seventh Circuit Rule 32.1. Nevertheless, this court finds it persuasive. *See* Fed. R. App. P. 32.1. And here DeBartolo has failed to argue that this court should decide to the contrary.

Similar to the situation in *Dye*, NorStates brought a state court foreclosure action after DeBartolo defaulted on his home loan. DeBartolo had the opportunity to defend the

7

foreclosure action and lost on the merits. Allegations in DeBartolo's Complaint could have been brought in the state court action to contest the foreclosure. All of the allegations stem from the home loan transaction and loan payment history. The factual transaction is the same in both cases; that the cases involve different legal theories is immaterial.

*Dye* concerned a TILA claim, while DeBartolo has asserted claims under RESPA and state law as well. However, all but one of DeBartolo's claims arise from the home loan transaction. In his TILA claim, DeBartolo asserts that NorStates failed to provide him with a required three-day cooling-off period, failed to give him a complete set of loan documents to take home and review, failed to give him two copies of a right-to-rescind document at the time the loan was consummated, and failed to give him a settlement cost booklet with the documents. (Doc. 1 at 10, ¶¶ 1, 2.) In his UCC claim, DeBartolo incorporated all prior allegations and then charged that NorStates failed to acquire a UCC lien on the property because it did not have DeBartolo sign a UCC-1 for the original note. (Doc. 1 at 11, ¶ 5.) If NorStates's failure to have DeBartolo sign a UCC form regarding this real property transaction could even be the basis for a claim by DeBartolo, it is related to the signing of the note at the closing of the loan transaction and thus bears an identity with the case already litigated. In DeBartolo's next claim, he asserts that NorStates breached the contract of the parties set forth in "the deed of trust and related documents from Closing" (Doc. 1 at 12 ¶ 10), which obviously relates to the home loan transaction. In the RESPA claim, DeBartolo charges that NorStates failed to disclose the "'Yield Spread' premium charged, without proper disclosure of the overall cost over the term of the loan" (Doc. 1, at 12 ¶ 11), again obviously relating to the home loan transaction. DeBartolo's breach of fiduciary duty claim incorporates prior allegations and then is based on an alleged duty of

8

NorStates to disclose information to DeBartolo and not place DeBartolo at a disadvantage (Doc. 1 at 12-13, ¶¶ 13-15), again stemming from the home loan transaction.

The only claim not arising from the consummation of the home loan transaction is DeBartolo's "unfair deceptive trade practices" claim. That claim states that NorStates mailed DeBartolo a monthly statement after default had occurred, but the monthly statement displayed no notation of a default and indicated that DeBartolo should make a regular payment. (Doc. 1 at 12, ¶ 12.) Nevertheless, the assertion stems from the same facts directly at issue in the foreclosure action regarding DeBartolo's payment of his home loan and whether he defaulted regarding his mortgage. Thus, it too shares an identity with the state-court action.

As was the case in *Dye*, DeBartolo is seeking to have this court determine matters that could and should have been litigated in the earlier state court action. Thus, his claims are barred by claim preclusion. For these reasons,

IT IS ORDERED that NorStates's motion to dismiss (Doc. 8) is granted.

As plaintiff has not amended his Complaint to name the John Doe defendants and no factual allegations appear to raise any claims against such parties,

IT IS ORDERED that all claims against the John Doe defendants are dismissed.

IT IS FURTHER ORDERED that the case is dismissed.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2012.

    BY THE COURT

    /s/ C. N. Clevert, Jr.
    C. N. CLEVERT, JR.
    CHIEF U. S. DISTRICT JUDGE

9

Case 2:12-cv-00081-CNC    Filed 05/09/12    Page 9 of 9    Document 13